### No. 11,546.

#### STATE OF LOUISIANA vs. JOSEPH E. TOUCHET.

46 827
115 968

1. Section 1010 of the Revised Statutes makes it the duty of a justice of the peace to order arrests for alleged crime upon the oath of one or more "credible" witnesses. It is not the statement or even the affidavit of every person upon which he is called to act or which furnishes the "knowledge conveyed to a public officer" which opens the running of prescription against a prosecution for crime.

2. The law contemplates that an officer shall bring a sound legal discretion to bear in ascertaining whether a charge, if made, should be seriously considered, and where, under the special facts of a particular case, an officer was warranted in not taking action upon what is afterward set up in a plea of prescription as his knowledge of the commission of a crime by a particular person the plea is properly overruled.

APPEAL from the Seventeenth District Court, Parish of Vermilion. *Allen, J.*

*M. J. Cunningham*, Attorney General, and *M. T. Gordy*, Jr., District Attorney, for the State.

*L. L. Bourges* and *W. P. Edwards* Attorneys for Defendant and Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J.    The defendant was convicted of having stolen a coat and he has appealed.    He urges in this, as he did in the lower court, the prescription of one year in bar of the action.

The crime is charged to have been committed on the 19th of April, 1892.    The information against the accused was filed on September 12, 1893.    It contained a declaration that it was filed within one year from the time that the information in relation thereto, came to the knowlege of a public officer having power to direct investigations and prosecutions.

Testimony was introduced to disprove the correctness of this statement.

It appears that one Sevenne Conners was originally charged with the crime upon an affidavit made against him before J. Nelson Greene, justice of the peace of the third ward for the parish of Vermilion.    As the result of a preliminary examination he was sent before the District Court.    He was twice tried.    On the first trial the jury disagreed.    After the second trial the record shows he was discharged, but does not show under what circumstances the discharge took place.    We infer that he was either acquitted or there was another mistrial and an abandonment by the State of the charge against him, for on the day of his discharge the information mentioned was filed against defendant Touchet.    The district attorney says in his testimony that it was only upon the second trial of Conners that the evidence pointed to the present defendant as the guilty party; that the evidence taken on the preliminary examination, and that on the first trial indicated that the charge against Conners was well founded.    That immediately on ascertaining the new state of the evidence he filed the information against Touchet.    That the change in the evidence resulted from the bringing forward of several witnesses who had not testified before.    The justice of the peace before whom the affidavit against Conners was made, and

who conducted the preliminary examination referred to, states that the daughter of Conners testified as a witness on the preliminary examination that "Touchet" had taken the coat, but that he did not believe her; he also states that after the preliminary examination was over, and after Conners had been sent for trial on the charge, Conners offered to take an affidavit against the defendant, but he declined to have it taken, assigning as a reason that Conners on the preliminary examination against himself had not then taken the stand and sworn to the facts against Touchet.

It is evident from the testimony of the justice of the peace that he did not believe either the testimony of the daughter or the statement of Conners, and that so far from considering that Touchet was the person to be prosecuted, he was of the opinion that the persons who were accusing him were attempting to improperly shield the person really chargeable—Conners.

His official action shows that he believed Connors to be the guilty party, and, as we have said, the district attorney says the evidence on the preliminary examination justified that belief. We do not think that under the circumstances stated, it could be held that the justice had such knowledge of Touchet's having committed the crime, as would in law serve as the starting point for prescription. The knowledge conveyed to an officer to have that result, must be such as would have warranted him acting in the exercise of sound judicial discretion in ordering an arrest. It is not the statement or even the affidavit of every person on which the justice is to act. Section 1010 of the Revised Statutes makes it the duty of the justice to make an arrest upon the oath of one or more *credible* witnesses. The law contemplates that he should bring his judgment to bear in reaching a conclusion as to whether an arrest would be justified, and whether the charge if made should be seriously considered. The whole evidence in this case then at hand having been submitted to the justice of the peace, he could well refuse to receive Conners' affidavit, he having himself just determined on that evidence (so far as he could determine) that Conners was chargeable with the act. The legal situation is not affected by subsequent developments showing that the actual facts of the case, were different from what they had every appearance of being, when official action was called for. We think, under the facts of this special case, that prescription only began to run when the district attorney became advised of the real situation.

There is no claim that prescription has run from that date. It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.

Rehearing refused.